## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICA FIRST LEGAL FOUNDATION,<br>611 Pennsylvania Ave., SE #231<br>Washington, DC 20003<br><br>                    *Plaintiff,*<br><br>           v.<br><br>FEDERAL BUREAU OF INVESTIGATION<br>935 Pennsylvania Ave NW<br>Washington, DC 20535-0001<br><br>and<br><br>U.S. DEPARTMENT OF JUSTICE<br>950 Pennsylvania Ave NW<br>Washington, DC 20530-0001<br><br>                    *Defendants.* | Civil Action No.: 1:22-cv-2991 |

## COMPLAINT

1.    Plaintiff America First Legal Foundation ("AFL") brings this action against Defendants Federal Bureau of Investigation ("FBI") and U.S. Department of Justice ("DOJ") (collectively, "Defendants") to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

2.    Hunter Biden's laptop contained explosive evidence of political corruption and strong evidence that now-President Joe Biden and his family were deeply compromised by their commercial and other relationships with the

Communist Party of China and Ukrainian oligarchs. *See, e.g.*, Matt Viser, et al., *Inside Hunter Biden's Multimillion-Dollar Deals With a Chinese Energy Company*, WASH. POST (Mar. 30, 2022), https://wapo.st/3A8rjjW; MAJORITY STAFF OF S. COMM. ON HOMELAND SEC. AND GOV'T AFFS. & S. COMM. ON FINANCE, REP. ON HUNTER BIDEN, BURISMA, AND CORRUPTION (Sep. 2020), available at https://tinyurl.com/yhpzcend. *See also In re Trump*, 958 F.3d 274, 286 (4th Cir. 2020), *cert. granted, judgment vacated sub nom. Trump v. D.C.*, 209 L. Ed. 2d 5, 141 S. Ct. 1262 (2021) (discussing whether "emoluments" extend beyond profits "arising from office or employ" to include other benefits accepted from a foreign government through businesses the President owns).

3.      However, the evidence is that the FBI and Big Tech, including Facebook, colluded to interfere with the 2020 Presidential election first by falsely and maliciously labeling the laptop "Russian disinformation" and then by censoring and/or discrediting all news about its contents. *See* Letter from Jim Jordan, Ranking Member, H. Comm. on the Judiciary, et al., to Mark Zuckerberg, CEO, Facebook, Inc. (Mar. 31, 2022), available at https://tinyurl.com/mttbwsa5.

4.      For example, a recent letter from Senator Chuck Grassley and Senator Ron Johnson revealed that in August 2020, FBI officials initiated a scheme to downplay derogatory information on Hunter Biden for the purpose of shutting down investigative activity relating to his potential criminal exposure by labeling it "disinformation." Letter to Nikki Floris, Intelligence Analyst in Charge, FBI & Bradley Benavides, Deputy Assistant Dir., FBI (Aug. 25, 2022), available at https://tinyurl.com/y94t6pan.

5.     Disclosures from multiple sources, including Facebook CEO Mark Zuckerberg, also confirm comprehensive collusion between Big Tech and the government to censor and control critical information in an effort to ensure Joe Biden won the 2020 election. *See, e.g.*, Joseph A. Wulfsohn, *Mark Zuckerberg Tells Joe Rogan FBI Warned Facebook of 'Russian Propaganda' Before Hunter Biden Laptop Story*, FOX NEWS (Aug. 25, 2022), https://tinyurl.com/yncsjx67.

6.     Most Americans believe that censorship of the Hunter Biden story may have significantly affected the outcome of the 2020 election. *See* Bruce Golding, *79% Say 'Truthful' Coverage of Hunter Biden's Laptop Would Have Changed 2020 Election*, N.Y. POST (Aug. 26, 2022), https://tinyurl.com/5fcejsnz.

7.     Now, barely a month before the 2022 midterm election, FBI officials continue to suppress information of great interest to American voters and stonewall AFL's request for records relating to the FBI's collusive scheme with Facebook to censor news and information about the contents of Hunter Biden's laptop.

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.  Additionally, it may grant declaratory relief pursuant to 28 U.S.C. § 2201, *et seq.*

9.     Venue is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

**PARTIES**

10.    Plaintiff AFL is a nonprofit organization working to promote the rule of law in the United States, prevent executive overreach, ensure due process and equal protection for all Americans, and encourage public knowledge and understanding of the law and individual rights guaranteed under the United States Constitution and the laws of the United States. AFL's mission includes promoting government transparency and accountability by gathering official information, analyzing it, and disseminating it through reports, press releases, and/or other media, including social media platforms, all to educate the public.  All the records AFL receives will be made publicly available on AFL's website for citizens, journalists, and scholars to review and use.

11.    Defendant FBI is an agency of the federal government within the meaning of 5 U.S.C. § 552(f) and has possession and control of the records AFL seeks.

12.    Defendant DOJ is an agency of the federal government within the meaning of 5 U.S.C. § 552(f) and has possession and control of the records AFL seeks.

**AFL'S FOIA REQUEST**

13.    On August 28, 2022, AFL sent a narrowly tailored FOIA request to FBI seeking "all email correspondence, calendar items, and records of phone calls or meetings occurring between October 1, 2020, and November 15, 2020, between any employee at the FBI and any employee at Facebook … related to Hunter Biden's laptop and Russian dis- or mis-information." *See* Ex. A.

14.     With the 2022 midterm elections fast approaching, there was an urgent need to inform the public of the nature and extent of the collusion between the FBI and Facebook to censor and suppress information on the Biden family's entanglements with the Chinese Communist Party and Ukrainian oligarchs. Also, because the serious and credible allegations and evidence that politically partisan FBI officials were colluding with corporations and other non-governmental actors to suppress and censor information to ensure Joe Biden would win the 2020 Presidential election—just as politically partisan FBI officials had colluded with Clinton campaign officials and other outside actors to conduct the Russia collusion disinformation campaign to discredit then-candidate Donald J. Trump and to undermine the 2016 Presidential election—was self-evidently a matter of widespread and exceptional media, Congressional, and public interest in which there are actual questions about the government's integrity that affected public confidence, AFL requested expedited processing. *See id*.

15.     On September 12, 2022, FBI sent a letter to AFL acknowledging receipt of the request and assigning it FOIPA Request Number 1559336-000.  *See* Ex. B.

16.     In that response, FBI stated that, "[f]or purposes of assessing any fees, we have determined [AFL is] a general (all others) requester [and] will be charged applicable search and duplication fees," notwithstanding AFL's widely recognized status as a representative of the news media. *See id*.

5

17.     In a separate letter sent on September 12, 2022, FBI also denied AFL's request for expedited processing, notwithstanding the notorious and intense public scrutiny paid to the issues underlying AFL's FOIA request. *See* Ex. C.

18.     On September 28, 2022, FBI sent another letter to AFL, closing the request because the "request is overly broad and it does not comport with the requirements of 28 CFR § 16.3(b), as it does not provide enough detail to enable personnel to locate records 'with a reasonable amount of effort.'" *See* Ex. D.

19.     In that response, FBI did not inform AFL what additional information is needed or why the request is otherwise insufficient. *See id*.

20.     As of the date of this Complaint, AFL has received no further response from FBI about its FOIA request.

**COUNT I**
**Violation of FOIA, 5 U.S.C. § 552**

21.     AFL repeats paragraphs 1-20.

22.     Defendants are agencies of the federal government within the meaning of 5 U.S.C. § 552(f).

23.     AFL properly requested records within the possession, custody, and control of Defendants.

24.     AFL properly requested and certified its need for expedited processing of its FOIA request.

25.     The requested records are not exempt from FOIA pursuant to 5 U.S.C. § 552(b).

26.     Defendants failed to conduct a reasonable search for responsive records, and the requested records are not exempt from disclosure pursuant to 5 U.S.C. § 552(b).

27.     Making no effort to confer with AFL to resolve the perceived issues regarding AFL's request, Defendants violated 28 C.F.R. § 16.3(b). *See Charles v. United States*, No. 21-1983, 2022 WL 951242 at *3, 5-6 (D.D.C. 2022).

28.     Thus, Defendants failed to provide a "complete response" to AFL's request. *See* 5 U.S.C. § 552(a)(6)(E)(iv).

29.     Also, Defendants wrongly denied AFL a fee waiver. As Defendants are aware, AFL is a high-profile media requestor, with a broad social and legacy media footprint.

30.     AFL is not required to exhaust remedies prior to seeking court review of an agency's denial of requested expedited access. 5 U.S.C. § 552(a)(6)(E)(iii); *see ACLU v. DOJ*, 321 F. Supp. 2d 24, 28-29 (D.D.C. 2004).

31.     Alternatively, exhaustion would be futile in this case.

32.     Here, the FBI did not mistakenly fail to comply with 26 C.F.R. § 16.3(b).

33.     Here, the FBI did not mistakenly fail to grant AFL expedited processing. Hunter Biden's laptop, and the FBI's collusion with outside actors to suppress news of the Biden family's foreign business entanglements and influence peddling during the 2020 Presidential election, is a matter of obvious and strong media attention, Congressional interest, and public concern. Furthermore, the allegations and evidence of collusion between the FBI and outside actors to protect or favor the

political rule of Joe Biden and the Democrat Party raise *actual* questions about the government's integrity that affect public confidence. The FBI and its officials have been the target of Congressional oversight and investigations on the subject matter of AFL's FOIA request. *See* Letter from Jim Jordan, Ranking Member, H. Comm. on the Judiciary, et al., to Timothy Thibault (Sep. 23, 2022), available at https://tinyurl.com/4apj9wh6. Under these circumstances, the FBI's failure to grant expedition under 28 C.F.R. § 16.5(e)(1)(ii) and (iv) cannot be justified.

34.     Finally, the FBI did not mistakenly fail to grant AFL, a high-profile media representative and requestor, a fee waiver.

35.     Instead, the FBI has knowingly and intentionally stonewalled to delay disclosure and prevent the public from obtaining the evidence of its collusion with the Facebook and other actors to protect Joe Biden and undermine the integrity of the 2020 Presidential election.

36.     Defendants have violated FOIA by failing, within the statutorily prescribed time limit, to (i) reasonably search for records responsive to AFL's FOIA request; (ii) produce to AFL all non-exempt responsive records; (iii) provide a lawful reason for withholding of any responsive records; (iv) confer with AFL to resolve any perceived issues regarding AFL's request; (v) grant AFL a fee waiver; and (vi) segregate exempt information in otherwise non-exempt responsive records.

## PRAYER FOR RELIEF

WHEREFORE, AFL respectfully requests that this Court:

i.      Order Defendants to grant AFL's request for expedited processing of its FOIA request;

ii.     Order Defendants, by a date certain, to confer with AFL regarding any actual issues regarding AFL's FOIA request;

iii.    Order Defendants, by a date certain, to conduct a reasonable search for records responsive to AFL's FOIA request;

iv.     Order Defendants, by a date certain, to show that they conducted a reasonable search for records responsive to AFL's FOIA request;

v.      Order Defendants, by a date certain, to produce all non-exempt records or portions of records responsive to AFL's FOIA request, accompanied by a *Vaughn* index of any responsive records or portions of responsive records being withheld under claim of exemption;

vi.     Grant AFL a fee waiver;

vii.    Enjoin Defendants from improperly withholding any non-exempt records responsive to AFL's FOIA request;

viii.   Grant AFL attorneys' fees and costs incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

ix.     Grant AFL such other and further relief as this Court deems proper.

October 4, 2022                                        Respectfully submitted,

                                                      */s/ Michael Ding*
                                                      MICHAEL DING
                                                      D.C. Bar No. 1027252
                                                      AMERICA FIRST LEGAL FOUNDATION
                                                      611 Pennsylvania Ave SE #231
                                                      Washington, D.C. 20003
                                                      Tel.: (202) 964-3721
                                                      E-mail: michael.ding@aflegal.org

                                                      REED D. RUBINSTEIN
                                                      D.C. Bar No. 400153
                                                      AMERICA FIRST LEGAL FOUNDATION
                                                      611 Pennsylvania Ave SE #231
                                                      Washington, D.C. 20003
                                                      Tel.: (202) 964-3721
                                                      E-mail: reed.rubinstein@aflegal.org

                                                      *Counsel for Plaintiff America First Legal Foundation*